Michael M. Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
Jordan D. Teti (SBN 284714)
jordan.teti@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600
Fax: (310) 785-4601

Justin W. Bernick (*pro hac vice* application forthcoming)
justin.bernick@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910

*Attorneys for Defendants*
Optum Health, Optum Health Plan of California, OptumCare Holdings, LLC, OptumCare Management, LLC, and Healthcare Partners Affiliates Medical Group.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANATE HEALTH, a California non-profit public benefit corporation; EMANATE HEALTH IPA, a California professional corporation; EMANATE HEALTH MEDICAL GROUP, a California professional corporation; EMANATE HEALTH FOOTHILL PRESBYTERIAN HOSPITAL, a California non-profit public benefit corporation; EMANATE HEALTH MEDICAL CENTER d/b/a EMANATE HEALTH QUEEN OF THE VALLEY HOSPITAL and d/b/a EMANATE HEALTH | Case No. 2:23-cv-09872<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNTATIVE, TO DISMISS PURSUANT TO F.R.C.P. RULES 8, 9(B), AND 12(B)(6)**<br><br>[*Proposed Order, Memorandum of Points and Authorities, Declaration of* |

|   |   |   |
|---|---|---|
| 1 | INTERCOMMUNITY HOSPITAL, a California non-profit public benefit corporation; | *Michael M. Maddigan, and Request for Judicial Notice Filed Concurrently*] |
| 2 | | |
| 3 | Plaintiffs, | Complaint Filed: November 20, 2023 |
| 4 | | |
| 5 | v. | Hearing Date: April 15, 2024<br>Time: 9:00 a.m. |
| 6 | OPTUM HEALTH, a California corporation; OPTUM HEALTH PLAN OF CALIFORNIA, a Delaware corporation; OPTUMCARE HOLDINGS, LLC, a California limited liability company; OPTUMCARE MANAGEMENT, LLC, a California limited liability company; HEALTHCARE PARTNERS AFFILIATES MEDICAL GROUP, a general partnership, | Courtroom: 7C |
| 7 | | |
| 8 | | Honorable Mark C. Scarsi |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | Defendants. | |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 15, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Court, in Courtroom 7C, before the Honorable Mark C. Scarsi of the United States District Court for the Central District of California, Defendants Optum Health, Optum Health Plan of California, OptumCare Holdings, LLC, OptumCare Management, LLC, and Healthcare Partners Affiliates Medical Group (collectively, "Defendants") will and hereby do move the Court for an order compelling arbitration of all claims asserted against Defendants and dismissing this action, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* and Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiffs' claims in this action are subject to resolution through final and binding arbitration as required by the arbitration provisions in the contracts between and among the parties. Furthermore, to the extent Plaintiffs Emanate Health and Emanate Health IPA are not formally signatories to the parties' contracts, they are bound by the arbitration agreements in this case pursuant to California agency doctrine and/or equitable estoppel principles.

In the alternative, Defendants will and hereby do move the Court for an order dismissing any claims for relief asserted in the Complaint that the Court determines to be non-arbitrable, pursuant to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiffs fail to state a claim upon which relief can be granted, for the following five primary reasons:

*First,* the Complaint fails to allege an attempted monopolization claim (Count I) against Defendants. The Complaint does not plead anticompetitive conduct, and also fails to plead a dangerous probability that Defendants will achieve monopoly power in the putative "PCP Market."

***Second,*** the Complaint fails to allege conduct that is "unfair" under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*, (Count II) because the Complaint does not state a plausible antitrust claim or any other facts showing conduct that: (1) threatens an incipient violation of antitrust law; (2) violates the policy or spirit of the antitrust laws because its effects are comparable to or the same as a violation of the law; or (3) otherwise significantly threatens or harms competition. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Furthermore, Plaintiffs lack standing to challenge alleged contractual terms between Optum and the third-party physicians and medical staff whom Optum contracts with or otherwise employs.

***Third,*** the Complaint fails to demonstrate that Defendants acted "unlawfully" under the UCL because Plaintiffs did not plausibly allege a violation of § 2 of the Sherman Act, 15 U.S.C. § 2. The allegations in Count III regarding Federal and California "continuity of care" regulations should likewise be dismissed because courts regularly abstain from deciding UCL claims where such claims involve determining complex economic policy best handled by the legislature or an administrative agency. The remaining allegations regarding California Business & Professions Code §16600 in Count III should also be dismissed because (i) Plaintiffs lack standing to challenge alleged contractual terms between Optum and the third-parties with whom Optum contracts with or otherwise employs; and (ii) the Complaint otherwise fails to plead facts alleging a violation of California Business & Professions Code §16600. The alleged non-solicitation clauses in the hospital services agreements and the physician agreement are not presumptively "unlawful, void and unenforceable" as a matter of law because the agreements are commercial contracts between businesses—not between a business and an employee—and are therefore analyzed under the "rule of reason." The Complaint never alleges any facts showing that these alleged non-solicitation clauses harm

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

2
DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS

competition in any market, or even acknowledges that pleading or proving such facts would be necessary.

**Fourth,** Emanate Health Medical Group's ("EHMG") tortious interference claim (Count IV) fails because EHMG failed to (i) identify any specific economic relationships allegedly being interfered with; and (ii) plausibly allege that Defendants' putative actions were wrongful by some measure independent of the supposed interference itself.

**Fifth,** Plaintiffs' request for declaratory relief fails because (i) Plaintiffs lack standing to enforce or seek a declaration of rights regarding contracts between Defendants and its employees; and (ii) the alleged non-solicitation clauses in the parties' agreements are not presumptively unlawful.

In the alternative, if the Court determines that there is any claim that is non-arbitrable and also not subject to dismissal, then Defendants will and hereby do move the Court for an Order staying that claim and this case, pursuant to 9 U.S.C. § 3, pending the outcome of the arbitration of claims that are found arbitrable.

The motion is based on this Notice of Motion and Motion to Compel Arbitration or, in the Alternative, to Dismiss Pursuant to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure and the concurrently filed (i) Memorandum of Points and Authorities, (ii) Declaration of Michael M. Maddigan, and (iii) Request for Judicial Notice, all pleadings and papers filed in this action, any oral argument of counsel, and any other matters that may come before the Court.

The motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by Zoom on January 29, 2024 and February 1, 2024. Despite their good faith efforts, the Parties were unable to resolve the issues raised

///
///
///

in this motion, and Plaintiffs' counsel indicated that Plaintiffs intend to oppose the Motion.

Date: February 20, 2024  HOGAN LOVELLS US LLP


By: */s/ Michael M. Maddigan*

Michael M. Maddigan
Justin W. Bernick
Jordan D. Teti

*Attorneys for Defendants*